## Case No. 11,972.

### ROBY v. LYNDALL.

### [4 Cranch, C. C. 351.] [1]

Circuit Court, District of Columbia. Nov. Term, 1833.

INFANCY — WAGES — CONTRACT — ASSIGNMENT BY FATHER—PUBLIC POLICY.

1. An infant, after the death of his father, cannot recover his wages for services performed in the lifetime of his father, under a contract made with the father, who has a right to dispose of his earnings, or any part thereof.

2. The father had assigned to the defendant a right to receive, to his own use, one half of the boy's wages, in consideration of the defendant's engaging to teach him the use of carpenter's tools; and the defendant had received the same; held, that the boy could not recover it in an action for money had and received.

3. It makes no difference that the services were performed for the United States, and in their navy-yard.

Assumpsit, for $395.60, money had and received to the use of the infant plaintiff.

The plaintiff [Theodore Roby, by his next friend] was employed by the United States to work in their navy-yard, at Washington, at the rate of 44 cents a day, under an agreement with his father, who had agreed with the defendant [Thomas Lyndall], who was superintendent of the ship-joiners' depart-

———

1 [Reported by Hon. William Cranch, Chief Judge.]

ment, to assign to him, to his own use, one half of the son's wages, in consideration of the defendant's agreeing to teach the boy the use of carpenter's tools; which half of the wages the defendant received, up to the death of the father, in April, 1832. This suit was commenced in November, 1832, to recover the half of the wages thus received by the defendant.

R. S. Coxe, for defendant, contended, that only the father, or his assignee, and not the son, had a right to receive the wages; and prayed the court to instruct the jury, "that, if they should find, from the evidence, that the money retained by the defendant was part of the wages of the boy, during his minority, and in the lifetime of his father, and was so retained, by the consent of the father, the plaintiff could not recover in this action."

Mr. Morfit, contra. The father has no right, at common law, to the earnings of his infant son, unless he maintains him, and then, only to the value of the maintenance; and the father, by taking only 22 cents a day, acknowledges that to be a sufficient compensation for the maintenance.

Mr. Hellen, on the same side. If a minor be in the employ of the United States, he has a right to his own wages. Infants may exercise public offices, except judicial, and are entitled to the profits thereof, and may contract with the government, in relation to the same. Bing. Inf. 72. A cabin-boy, in a public ship, receives his own wages. The father of an infant partner is not entitled to his share of the profits. An infant payee may indorse a note and transfer the right of action to the indorsee. Lyndall, the defendant, could not lawfully make such a contract. He was in the employ of the United States, and the contract was against public policy, because it creates an interest in the defendant adverse to that of the United States, and inconsistent with his duty. The defendant was superintendent of the ship-joiners' department, and his duty would be to discharge the boy if he did not behave well, but his interest would be to continue him in service.

Mr. Coxe, in reply. The doctrine of the common law is universal, that the father is bound to support his child, and is entitled to all his earnings. Reeve, Dom. Rel. c. 9, pp. 283, 290; U. S. v. Bainbridge [Case No. 14,-497]; 1 Bl. Comm. c. 16, pp. 447, 448; 2 Kent, Comm. 189; 1 Chit. Bl. 448, 452, note 3.

THE COURT (THRUSTON, Circuit Judge, contra) gave the instruction as prayed by Mr. Coxe.

THRUSTON, Circuit Judge, was of opinion that the bargain between the father and the defendant was fraudulent, and against public policy; and therefore the plaintiff could recover.